## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CARINE ABBOUD,

     Plaintiff,

     v.

JENNIFER ANGELO YELEN,

     Defendant.

CIVIL ACTION NO. 3:22-cv-01983

(SAPORITO, M.J.)

## <u>MEMORANDUM</u>

The plaintiff in this case, Carine Abboud, is a social media influencer with a "vlog" on YouTube, focused on motherhood. She resides in the United Arab Emirates.

Abboud has brought this fee-paid civil action against the defendant, Jennifer Angelo Yelen, a resident of Luzerne County, Pennsylvania, asserting state-law defamation, false light invasion of privacy, and public disclosure of private facts invasion of privacy tort claims, based on certain posts or comments made by Yelen on social media. Abboud seeks an award of compensatory and punitive damages.

Rather than filing a lawsuit in state court, Abboud has brought this action in federal district court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a)(2). But the plaintiff has failed to satisfy her burden of

pleading the existence of this federal district court's subject matter jurisdiction. See Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999) ("The plaintiff has the burden of pleading the existence of the court's jurisdiction, and, in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.") (citation omitted). The amended complaint alleges that Yelen is a resident of Pennsylvania, and that Abboud is a resident of the United Arab Emirates. But "diversity jurisdiction is based on citizenship, not residence." Brooks v. Hickman, 101 F.R.D. 16, 18 (W.D. Pa. 1984); see also Whitaker v. Herr Foods, Inc., 198 F. Supp. 3d 476, 483 n.3 (E.D. Pa. 2016) ("[T]he diversity requirement is one of citizenship. Residence is not equivalent to citizenship.") (citation omitted); Forman v. BRI Corp., 532 F. Supp. 49, 51 (E.D. Pa. 1982) ("[A]llegations of residency does not properly invoke this Court's jurisdiction when premised upon diversity of citizenship."); Fleming v. Mack Trucks, Inc., 508 F. Supp. 917, 919 (E.D. Pa. 1981) ("Residence and domicile cannot be equated. For diversity purposes citizenship means domicile; mere residence will not suffice.") (citation omitted).

Moreover, proper exercise of diversity jurisdiction also requires a

complaint to allege an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332(a). The original, now superseded, complaint included only a generalized allegation that "the matter in controversy exceeds the sum or value of $75,000.00." Compl. ¶ 3, Doc. 1. It failed to otherwise plead any facts regarding the amount in controversy.

The defendant moved to dismiss the original complaint for lack of subject matter jurisdiction, highlighting this very issue. *See* Def.'s 1st Mot. to Dismiss ¶ 3, Doc. 4; Def.'s Br. in Supp. of 1st Mot. to Dismiss 4–6, Doc. 15. In response, the plaintiff filed an amended complaint as a matter of course, rendering the defendant's motion moot. *See* Am. Compl., Doc. 21; Order, Doc. 22.

The defendant has moved to dismiss the amended complaint as well for lack of subject matter jurisdiction. *See* Def.'s 2d Mot. to Dismiss ¶ 7, Doc. 23; Def.'s Br. in Supp. of 2d Mot. to Dismiss 4–7, Doc. 24. The plaintiff has filed a brief in opposition, arguing that the amount in controversy is sufficiently alleged. *See* Pl.'s Br. in Opp'n to 2d Mot. to Dismiss 9–14, Doc. 25-1. The defendant has not filed a reply brief. Thus, the second motion to dismiss is fully briefed and ripe for decision.

In her amended complaint, the plaintiff has added two specific

allegations with respect to damages, which she argues support her assertion that this action meets the amount-in-controversy requirement for exercise of diversity jurisdiction. First, Abboud has added an allegation that: "As a direct and proximate result of Yelen's publication of the posts, Abboud has been forced to incur ongoing costs for therapy and medications in excess of $2,000 a month." Am. Compl. ¶ 35. Second, Abboud has added an allegation that: "As a direct and proximate result of Yelen's publication of the posts, Abboud has lost job opportunities paying over $100,000 per annum." *Id.* ¶ 36. The amended complaint pleads no other facts regarding her medical and financial injuries.

These vague and conclusory allegations, however, are insufficiently detailed to *plausibly* allege that the amount in controversy exceeds the jurisdictional threshold of $75,000. *See Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016) (finding that the *Iqbal-Twombly* plausibility requirement "govern[s] the evaluation of factual allegations that support federal subject matter jurisdiction, such as to evaluate facts alleged concerning an amount in controversy for purposes of federal diversity jurisdiction") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see*

*also Turban v. Bar Giacosa Corp.*, No. 19-CV-1138, 2019 WL 3495947, at
\*2–\*3 (S.D.N.Y. Aug. 1, 2019); *Penrod v. K&N Eng'g, Inc.*, No. 18-cv-
02907, 2019 WL 1958652, at \*3 (D. Minn. May 2, 2019); *cf. Dart Cherokee
Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (requiring a
defendant's notice of removal to include "a *plausible* allegation that the
amount in controversy exceeds the jurisdictional threshold") (emphasis
added).

A complaint may, with the permission of the court, be amended to
show jurisdictional facts. *See* 28 U.S.C. § 1653; *Chem. Leaman Tank
Lines*, 177 F.3d at 222 n.13. Under the circumstances presented, we find
it appropriate to grant the plaintiff leave to file a second amended
complaint that attempts to cure the jurisdictional pleading defects
identified above.

Accordingly, the defendant's motion to dismiss will be granted and
the amended complaint will be dismissed for lack of subject matter
jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil
Procedure, but the plaintiff will be granted leave to file a second amended
complaint, pursuant to 28 U.S.C. § 1653.

An appropriate order follows.


Dated: February ___7___, 2024

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge